**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 212.351.5334
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

October 27, 2022

**BY ELECTRONIC FILING**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *PGA Tour, Inc. v. Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan*, Case No. 1:22-mc-00294 (S.D.N.Y.)

Dear Judge Schofield:

Pursuant to Rule D.3 of Your Honor's Individual Rules and Procedures for Civil Cases, LIV Golf, Inc. ("LIV Golf") respectfully submits this letter supporting, in part, the PGA Tour, Inc.'s motion to seal.  (ECF No. 1.)  The PGA Tour's motion to compel compliance with subpoenas contains confidential information belonging to LIV Golf.

To determine if sealing is appropriate, courts in the Second Circuit apply a three-step test.  *See Lugosch v. Pyramid Co. v. Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  First, the court determines whether the documents in question are "judicial documents" to which a presumption of access applies  *Id*. at 119.  Second, the court weighs the strength of the presumption based on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  *Id*. at 120.  Third, the court balances the weight of the presumption against "countervailing factors."  *Id*.

Here, the parties have agreed to transfer the case to the Northern District of California pursuant to Federal Rule of Civil Procedure 45(f).  LIV Golf understands the PGA Tour will file an unopposed motion to transfer, pursuant to the agreement of the parties.  Accordingly, unless the court exercises its discretion to the contrary, the motions will be transferred to and refiled in that district.  The exhibits to the PGA Tour's motion to compel and the references to those exhibits in the motion before this Court are therefore not "judicial documents" because they will not be "relevant to the performance of the judicial function and useful in the judicial process."  *Id*. at 119.

Second, even if not transferred, the balance of interests favors sealing.  This is a discovery motion where the strength of the presumption of public access is "lower" than for other

# GIBSON DUNN

Honorable Lorna G. Schofield
United States District Court
October 27, 2022
Page 2

motions.  *See Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).  The countervailing interests are strong.  The exhibits at issue concerns LIV Golf's highly confidential information about business strategy, entry strategy, finances, return on investment, ownership structure, and recruitment efforts and strategy (including financial terms).  Each of these warrants sealing. *See id.* at 1051 ("Financial records of a wholly owned business . . . weigh more heavily against access."); *S.E.C. v. Telegram Grp. Inc.*, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (finding "internal analyses" and "business strategies" to be a "legitimate basis to rebut the public's presumption of access"); *Dodona I, LLC v. Goldman Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (granting motion to seal "internal corporate documents that govern investment strategies"); *Rowe v. Google LLC*, 2022 WL 4467628, at *4 (S.D.N.Y. Sept. 26, 2022) (granting motion to seal for recruitment information not relevant to the motion).

Moreover, LIV Golf is a third party, whose privacy interests "weigh heavily in a court's balancing equation."  *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995).  Disclosure of LIV Golf's private financial, investment, recruitment, and strategy information would cause competitive harm.  *Id.* ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts…").  Moreover, disclosure of LIV Golf executives' event attendance implicates and harms their privacy interests.  *See Lugosch*, 435 F.3d at 120 (noting "privacy interests" as countervailing interest).  This is heightened here because an executive at issue is a highly-publicized figure (and thus there are tangible security concerns).  Third-party interests in privacy thus strongly favor sealing.

Accordingly, LIV Golf respectfully requests that the following exhibits be sealed and that the portions of the PGA Tour's motion citing these exhibits remain redacted and sealed.  The following chart summarizes these materials and the reasons for sealing.

| Document | Reason for Sealing |
|---|---|
| Dooley Decl.,[1] Ex. 2 | Contains highly confidential information regarding LIV Golf's funding and investment structure and strategy. |
| Dooley Decl., Ex. 14 | Contains highly confidential information regarding investment and business strategy for LIV Golf. |
| Dooley Decl., Ex. 15 | Contains highly confidential information regarding payments to golfers and LIV Golf's projected financial returns. |
| Dooley Decl., Ex. 16 | Contains highly confidential information regarding LIV Golf's ownership, funding, financial projections, and payments to players. |
| Dooley Decl., Ex. 17 | Contains highly confidential information regarding LIV Golf's business strategy. |

---

[1]   Declaration of Brook Dooley In Support Of PGA Tour Inc.'s Motion to Compel Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan's Compliance With Document and Deposition Subpoenas, ECF No. 1-4 ("Dooley Decl.").

GIBSON DUNN

Honorable Lorna G. Schofield
United States District Court
October 27, 2022
Page 3

| | |
|---|---|
| Dooley Decl., Ex. 18 | Contains confidential information regarding LIV Golf's business analysis and strategy. |
| Dooley Decl., Ex. 34 | Contains confidential information regarding LIV Golf executives' attendance at events. |
| Dooley Decl., Ex. 40 | Contains highly confidential information regarding LIV Golf's internal process for approving budget changes. |
| Dooley Decl., Ex. 45 | Contains highly confidential information regarding LIV Golf's player recruitment strategy and status regarding the same. |
| Memorandum[2] of Points and Authorities at 2, 4, 6-7, 9-10, 19-20, 22 | Discloses highly confidential information about LIV Golf's ownership, internal decision making, business strategy, and vendors, and the confidential and highly confidential information contained in the above-referenced exhibits |

Respectfully,

GIBSON, DUNN & CRUTCHER LLP

 s/ Reed Brodsky

Reed Brodsky

RMB/asa

cc: All Counsel of Record (via ECF)

---

[2] Memorandum of Law In Support of PGA Tour Inc.'s Motion to Compel Public Investment Fund of the Kingdom of Saudi Arabia and Yasir Othman Al-Rumayyan's Compliance With Document and Deposition Subpoenas, ECF No. 1-3 ("Memorandum of Points and Authorities").